***Capital Case***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

No. 4:22-cv-01063-LPR

ROBERT JEFFREY HOLLAND,                           PETITIONER

v.

DEXTER PAYNE, Director,
   Arkansas Division of Correction                        RESPONDENT

**REPLY TO RESPONDENT'S BRIEF REGARDING
CONSTITUTIONALITY OF 28 U.S.C. § 2254(d)(1)**

LISA G. PETERS
FEDERAL PUBLIC DEFENDER

By:    Melissa Fenwick, ABN 2022043
        Assistant Federal Public Defender
        Melissa_Fenwick@fd.org
        Anisha N. Jones, ABN 2012004
        Assistant Federal Public Defender
        Anisha_Jones@fd.org
        Federal Public Defender's Office
        1401 W. Capitol Ave., Ste. 490
        Little Rock, AR 72201
        (501) 324-6114

*Counsel for Robert Holland*

# TABLE OF CONTENTS

I. The Supreme Court has not addressed the Article III question...................................1

II. This Court must follow *Loper Bright*'s Article III reasoning..............................2

III. The State's recasting of § 2254(d)(1) as a mere remedy bar does not render it constitutional. ..........................................................................................................4

# TABLE OF AUTHORITIES

**Cases**

*Brown v. Davenport*,
  596 U.S. 118 (2022)............................................................................................ 1, 2

*Cent. Va. Cmty. Coll. v. Katz*,
  546 U.S. 356 (2006)................................................................................................2

*Clark v. Martinez*,
  543 U.S. 371 (2005)................................................................................................2

*Cohens v. Virginia*,
  6 Wheat. 264 (1821)...............................................................................................2

*Crawford-El v. Britton*,
  523 U.S. 574 (1998)................................................................................................4

*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982)................................................................................................4

*INS v. St. Cyr*,
  533 U.S. 289 (2001)................................................................................................4

*Jennings v. Rodriguez*,
  583 U.S. 281 (2018)................................................................................................2

*Loper Bright Enterprises v. Raimondo*,
  603 U.S. 369 (2024).......................................................................................... 1, 2, 3

*Marbury v. Madison*,
  5 U.S. 137 (1803)....................................................................................................3

*Moctezuma-Reyes v. Garland*,
  124 F.4th 416 (6th Cir. 2024) ................................................................................3

*NCAA v. Alston*,
  594 U.S. 69 (2021)..................................................................................................2

*NLRB v. Noel Canning*,
  573 U.S. 513 (2014)................................................................................................3

# TABLE OF AUTHORITIES (Con't)

*Pearson v. Callahan*,
 555 U.S. 223 (2009) ................................................................................................5

*Pierson v. Ray*,
 386 U.S. 547 (1967) ................................................................................................4

*Sanzone v. Mercy Health*,
 954 F.3d 1031 (8th Cir. 2020) ................................................................................2

*Stern v. Marshall*,
 564 U.S. 462 (2011) ................................................................................................3

*Webster v. Fall*,
 266 U.S. 507 (1925) ................................................................................................2

*Williams v. Taylor*,
 529 U.S. 362 (2000) ................................................................................................1

## Statutes

5 U.S.C. § 706 ..............................................................................................................3

28 U.S.C. § 2254(d)(1) ........................................................................................Passim

29 U.S.C. § 213(a)(15) ................................................................................................3

42 U.S.C. § 1983 .........................................................................................................4

## Other Authorities

Federal Habeas Manual § 3:72 (2024 ed.) .................................................................1

Postconviction Remedies § 29:3 (Aug. 2024 ed.) ......................................................1

*The Reasonableness of the "Reasonableness" Standard of Habeas Corpus Review Under the Antiterrorism and Effective Death Penalty Act of 1996*, 72 Case W. Res. L. Rev. 669 (2022) ........1

## REPLY TO RESPONDENT'S BRIEF REGARDING CONSTITUTIONALITY OF 28 U.S.C. § 2254(d)(1)

The bulk of the State's brief quibbles with the precedential weight of cases (Doc. 59 at 1–8), while doing little to examine the central question of the dispute: as it is the province of federal courts to interpret the federal constitution, does 28 U.S.C. § 2254(d)(1) deference forbid federal courts from fully carrying out this duty by deferring to non-Article III bodies on merits? After *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), the correct answer is that it does.

### I. The Supreme Court has not addressed the Article III question.

The State first asserts that the Supreme Court already held that § 2254(d)(1) does not violate Article III in *Williams v. Taylor*, 529 U.S. 362 (2000), and / or in *Brown v. Davenport*, 596 U.S. 118 (2022). (Doc. 59 at 2–3). That assertion is as novel as it is wrong. All authorities otherwise supportive of § 2254(d)(1)'s constitutionality have never made this point. *See, e.g.*, B. Means, Postconviction Remedies § 29:3 (Aug. 2024 ed.); B. Means, Federal Habeas Manual § 3:72 (2024 ed.); P. Larkin, *The Reasonableness of the "Reasonableness" Standard of Habeas Corpus Review Under the Antiterrorism and Effective Death Penalty Act of 1996*, 72 Case W. Res. L. Rev. 669 (2022) (comprehensive defense of § 2254(d)(1) citing *Brown* and *Williams*).

***Williams.*** The State asserts that the partial majority in *Williams* foreclosed the Article III argument, given that Justice Stevens's constitutional doubts did not result in the Court adopting an alternate § 2254(d)(1) construction. That has it backwards. The response to Justice Stevens firmly refuted each of his *textual* points as to § 2254(d)(1)'s meaning with pinpoint specificity, while conspicuously not disagreeing with the constitutional concerns. *Williams*, 529 U.S. at 403–413. Silence is never a holding, and especially so in this circumstance. When textual

canons clearly reveal the "meaning of the relevant statutory provisions," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018), the inquiry ends and constitutional doubts are reserved for another day, *see id.* at 298-307 (examining the proper use of the canon). The avoidance canon "does not give a court the authority to rewrite a statute" because of constitutional doubts. *Id.* at 298; *see Clark v. Martinez*, 543 U.S. 371, 381 (2005). Contrary to the State's assertion, the *Williams* silence is actually a core reason for the cloud over § 2254(d)(1).

***Brown.*** The State also asserts that a phrase in *Brown* resolved the question. *Brown* contains a dictum that refers to § 2254(d)'s omnibus clause as "a constitutionally valid rule of decision." 596 U.S. at 127. The reference is a stray, since neither litigant alluded to § 2254(d)'s constitutionality, or to § 2254(d)(1)'s particular Article III doubt. In such circumstances, an unvetted statement about the law (let alone a brief turn of phrase) has no value. It does not bind courts in any "subsequent suit when the very point is presented for decision," *Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 363 (2006) (quoting *Cohens v. Virginia*, 6 Wheat. 264 (1821)). It is a "stray comment[]" of a kind the Court instructed not to be treated as answering any future question. *NCAA v. Alston*, 594 U.S. 69, 91–93 (2021); *see also Sanzone v. Mercy Health*, 954 F.3d 1031, 1039 (8th Cir. 2020) ("Questions . . . neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents") (quoting *Webster v. Fall*, 266 U.S. 507, 511 (1925)).

## II. This Court must follow *Loper Bright*'s Article III reasoning.

Unlike *Williams* or *Brown*, the Court in *Loper Bright* provided a comprehensive exposition of the conflict between legal deference and Article III power. *See* 603 U.S. at 384–90. That analysis forms applicable law regarding Article III that this Court cannot ignore.

The State's attempt to minimize *Loper Bright* because it was not a direct Article III invalidation is confounding. The Court held that *Chevron* deference was impermissible under the Administrative Procedure Act's vesting of judicial review over agency decisions. *Id.* at 390–91 (quoting 5 U.S.C. § 706). But the reason for interpreting § 706 as the Court did was grounded in usurpation of Article III power. *See id.* at 390–96. And while the constitutional discussion was crafted to avoid categorical verbiage, it was comprised of authorities doing just that, from *Marbury* of the Founding era, through *Stern v. Marshall*, 564 U.S. 462 (2011) (bankruptcy courts' exercise of judicial power), and *NLRB v. Noel Canning*, 573 U.S. 513, 525 (2014) (recess appointments), of present day. The Court's robust Article III reasoning is no less instructive for lower courts simply because it stands one degree of separation away from directly invalidating *Chevron* itself. And it has been authoritative for deference doctrines beyond § 706 challenges. *See, e.g.*, *Moctezuma-Reyes v. Garland*, 124 F.4th 416, 420 (6th Cir. 2024) (Thapar, J.) (de novo review of BIA judges' interpretations of a federal statute).

The APA incorporates constitutional principles that *Marbury* and the Framers long envisioned: "that the final 'interpretation of the laws' would be 'the proper and peculiar province of the courts.'" *Loper*, 603 U.S. at 385. The Supreme Court overruled *Chevron* because it had "become an impediment . . . to accomplishing the basic judicial task of 'say[ing] what the law is'" as it pertains to agency decisions. *Id.* at 401 (quoting *Marbury v. Madison*, 5 U.S. 137, 177 (1803)). If § 706 review as described in *Chevron* was incompatible with Article III, then § 2254(d)(1) deference suffers the same fate.[1]

---

[1] Even more strange is the State's suggestion that *Loper Bright* affirmatively authorized Congress to delegate interpretive power outside of Article III. (Doc. 59 at 5–6) (citing *Loper Bright*, 603 U.S. at 394–95). That is not accurate. *Loper Bright* nowhere suggests *Chevron* would

### III. The State's recasting of § 2254(d)(1) as a mere remedy bar does not render it constitutional.

The State defends § 2254(d)(1) through the familiar greater-implies-lesser argument: since Congress controls the scope of Article III jurisdiction, it can erect substantive restrictions (*e.g.*, against particular claims or successive litigation), and could therefore erect a deferential-review bar under § 2254(d)(1). (Doc. 59 at 9–12). The first two premises are sound, but the third does not follow. Congress can constrict habeas review in many ways, even by attempting to repeal the 1867 Habeas Act altogether.[2] But § 2254(d)(1) is an impermissible half-measure because it maintains jurisdiction to examine unlawful state-court custody, while directing the outcome to turn on a non-Article III body's view of the merits. Such deference is improper, regardless of whether the non-Article III actor is a state judge, a federal magistrate, a judicial staff attorney, or a hypothetical federal agency created to arbitrate state-court custody.

The State's comparison to qualified immunity, an affirmative defense under 42 U.S.C. § 1983, is a red herring. That doctrine exists because the authorizing statute incorporated common-law tort immunities. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). One such immunity shields a defendant from a money award if they "reasonably believed" that their action was not tortious. *See id.* at 555; *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The doctrine is an "affirmative defense," *Crawford-El v. Britton*, 523 U.S. 574, 586 (1998), that is part and parcel

---

be permissible as long as Congress codified it. The passage in *Loper Bright* refers to substantive statutes that delegate quasi-legislative power to agencies, *i.e.*, to define the statutory scope as a matter of policymaking discretion. *E.g. Loper Bright*, 603 U.S. at 395 n.5 (discussing 29 U.S.C. § 213(a)(15)). A directive to promulgate rules under intelligible principles is doctrinally unrelated to delegation of Article III power to interpret any word in administrative law susceptible to different reasonable interpretations.

[2]  Doing the latter would raise Suspension Clause doubts, *cf. INS v. St. Cyr*, 533 U.S. 289, 298–304 (2001), but the assumption is still useful for the Article III analysis.

of the tort suit. As applied to constitutional torts, thus, a defendant cannot be subjected to damages if he acted reasonably under existing constitutional law, *Pearson v. Callahan*, 555 U.S. 223, 243–44 (2009), though the court is free to issue declaratory relief and injunctions against unconstitutional acts regardless of any such reasonableness, *id.* at 242–43.

AEDPA and *Chevron* deference are species of another kind. Unlike other congressional bars, and unlike the qualified-immunity defense, these deference doctrines kick in when a federal court considers a discrete federal question, and they condition the outcome of the case on a non-Article III body's expressed view about the same question before the court.

For all the reasons discussed in his substantive brief and herein, Mr. Holland urges this Court to conclude that § 2254(d)(1) deference is unconstitutional under *Loper Bright* and, thus, may no longer encroach upon this Court's judicial authority to decide whether he is in custody in violation of the Constitution.

Dated: February 24, 2025                    Respectfully submitted,

                                                                  LISA G. PETERS

                                    By:    Melissa Fenwick
                                           Melissa_Fenwick@fd.org
                                           Anisha N. Jones
                                           Anisha_Jones@fd.org
                                           Federal Public Defender's Office
                                           1401 W. Capitol Ave., Ste. 490
                                           Little Rock, AR 72201
                                           (501) 324-6114